**In the United States District Court
for the District of Kansas**

---

**United States of America**,
             Plaintiff,

v.                                                    Case No. 21-20055-DDC

**Maurice T. Jones**,
             Defendant.

---

### Response to Notice Pursuant to Federal Rule of Evidence 404(b)

---

Maurice Jones, in response to the government's notice of intent to use other bad acts evidence and request in limine for a preliminary ruling admitting such evidence, asks this Court to deny the motion in limine.

## I.    Propensity Evidence

"Evidence law generally abhors the propensity inference—the notion that a person did something just because he has a corresponding character or has done similar things before." *United States v. Piette*, 45 F.4th 1142, 1157 (10th Cir. 2022). This is so not because propensity evidence is irrelevant, but instead because "it is said to weigh too much with the jury and to so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge." *Michelson v. United States*, 335 U.S. 469, 476 (1948). "The overriding policy of excluding

such evidence, despite its admitted probative value, is the practical experience that its disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice." *Id.*

## II.    FRE 404(b)

Consistent with these principles, Rule 404(b)(1) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1); *United States v. Nance*, 767 F.3d 1037, 1041 (10th Cir. 2014).

Rule 404(b)(1) "has deep historical roots based on concerns that a jury will convict the defendant for being a bad person, rather than because the defendant's guilt of the charged offense has been established beyond a reasonable doubt." *United States v. Cristerna-Gonzalez*, 962 F.3d 1253, 1264 (10th Cir. 2020). "Although this 'propensity evidence' is relevant, the risk that a jury will convict for crimes other than those charged—or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment—creates a prejudicial effect that outweighs ordinary relevance." *United States v. Shomo*, 786 F.2d 981, 986 (10th Cir. 1986) (quotations omitted).

Rule 404(b)(2) makes clear, however, that such evidence "may be admissible for another purpose." Fed. R. Evid. 404(b)(2). The rule lists nine

such permissible purposes: (1) motive; (2) opportunity; (3) intent; (4) preparation; (5) plan; (6) knowledge; (7) identify; (8) absence of mistake; and (9) lack of accident. Fed. R. Evid. 404(b)(2); *Huddleston v. United States*, 485 U.S. 681, 685, (1988) (same); *United States v. Nance*, 767 F.3d 1037, 1041 (10th Cir. 2014) (same).

## III.   Four-Part Test

Consistent with the Supreme Court's decision in *Huddleston v. United States*, 485 U.S. 681 (1988), the Tenth Circuit has adopted a four-part test to govern the admissibility of Rule 404(b) evidence. That test "requires that: (1) The evidence must be offered for a proper purpose under Rule 404(b); (2) The evidence must be relevant under Rule 401; (3) The probative value of the evidence must not be substantially outweighed by its potential for unfair prejudice under Rule 403; and (4) The district court, upon request, must have instructed the jury pursuant to Rule 105 to consider the evidence only for the purpose for which it was admitted." *United States v. Cushing*, 10 F.4th 1055, 1075 (10th Cir. 2021).

### A. Proper Purpose (Rule 404(b)(2))

At the first step, the district court must determine whether the evidence tends to prove a material fact or issue other than the defendant's propensity to commit crimes. *Huddleston v. United States*, 485 U.S. at 686. *United States v. Cushing*, 10 F.4th 1055, 1075 (10th Cir. 2021). If so, the evidence is

3

generally offered for a proper purpose under Rule 404(b). *United States v. Tennison*, 13 F.4th 1049, 1056 (10th Cir. 2021); *see also United States v. Tony*, 948 F.3d 1259, 1261 (10th Cir. 2020) ("evidence of other acts may be admitted for non-propensity purposes").

The government claims the evidence will be used for the following purposes: *intent, motive, knowledge, opportunity, lack of mistake or accident.* (D.E. 88, pg. 7).

*Intent and Knowledge* – The government's notice cannot justify admission of the evidence for two reasons. First, the notice fails to articulate or explain why the government's evidence fits the categories it specifies. "[W]hen evidence of prior bad acts is offered, the proponent must clearly articulate how that evidence fits into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged." *United States v. Commanche*, (577 F.3d 1261, 1267 (10th Cir. 2007)quoting Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 4:28, at 746–47 (3d ed. 2007). Second, the inferences the government urged all contain the forbidden propensity inference. *Id.*, quoting Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence § 4:28, at 746–47 (3d ed. 2007) ("[P]roof offered [of other bad acts] is not saved from the principle of exclusion by the mere fact that it supports a specific inference to a point like intent if the necessary logical steps include an inference of

general character or propensity ....”). Embedded in the government's intent and knowledge arguments is the inference that Mr. Jones intended to sell drugs and knew that the drugs were there *because he was a drug dealer*. That's exactly the inference the Rule forbids, and is why the evidence is inadmissible.

*Identity* – Mr. Jones is not challenging the fact that he was the person arrested on November 27, 2017.

*Opportunity* – Since Mr. Jones is not challenging that he was the person arrested that night, opportunity also should not be at issue.

*Mistake or Accident* – the only way a defense of mistake or accident for these charges could be raised would be if Mr. Jones put forward evidence that he possessed the items but thought that they were not what he thought they were. This Court could consider this purpose when or if Mr. Jones puts on such evidence. At this point, he has not.

*Motive* – Mr. Jones's motive in this situation is irrelevant. The government has no obligation to prove his motive.

### B. Relevance (Rule 401)

When conducting a relevance inquiry for Rule 404(b) purposes, the "lynchpin" is the "act's similarity to the charged offense." *United States v. Tennison*, 13 F.4th 1049, 1056 (10th Cir. 2021). While the act need not be identical to the charged offense, similarity means more than "a common

5

characteristic." *United States v. Tennison*, 13 F.4th 1049, 1057 (10th Cir. 2021). The "common characteristic" must be "the significant one for the purpose of the inquiry at hand." *United States v. Tennison*, 13 F.4th 1049, 1057 (10th Cir. 2021); *see also United States v. Isabella*, 918 F.3d 816, 840 (10th Cir. 2019) (the other act must be "so related to the charged offense that it serves to establish" a non-propensity purpose). The act and the charged offense must "share elements that possess signature quality." *United States v. Tennison*, 13 F.4th 1049, 1057 (10th Cir. 2021) (quotation omitted).

When conducting a similarity analysis, courts consider factors like temporal proximity, geographical proximity, and physical resemblance. *United States v. Tennison*, 13 F.4th 1049, 1057 (10th Cir. 2021); *see also United States v. Henthorn*, 864 F.3d 1241, 1249 (10th Cir. 2017) (uncharged acts will generally be "similar to the charged crime and sufficiently close in time"). The importance of these facts "will necessarily depend on the unique facts of each case's proffered evidence." *United States v. Henthorn*, 864 F.3d 1241, 1249 (10th Cir. 2017) (quotation omitted). For instance, "there is 'no absolute rule regarding the number of years that can separate offenses.'" *United States v. Henthorn*, 864 F.3d 1241, 1249 (10th Cir. 2017).

When an extrinsic act is offered to show that the defendant intended to commit the charged crime, the act's relevancy derives from the defendant's similar states of mind when committing the offenses. *United States v.*

6

*Tennison*, 13 F.4th 1049, 1057 (10th Cir. 2021) (defendant's two instances of drug possession were "temporally and geographically close," and both involved roughly the same dealer-level drug quantities; it was not an abuse of discretion to find that the defendant probably had the same state of mind – to distribute the drugs – on both dates).

In this situation, the government is seeking to present an event that occurred four years and two months after the charged conduct. To this day, Mr. Jones has not been charged with the 2022 Westport incident. The over four year gap in time truly stetches the Tenth Circuit's temporal proximity limits. *See United States v. Becker*, 230 F.3d 1224, 1232 (10th Cir. 2000) ("Four to six years transcends our conception of "close in time"). And, more fundamentally, the proposed 404(b) evidence concerns an act which occurred after the charged conduct. What Mr. Jones knew or intended four years later is relevant to what he knew during the charged offense only if a propensity inference is employed.

This Court should also be concerned when comparing physical resemblance. In this case, it is reported that Mr. Jones was the sole occupant of a car stopped on November 17, 2017. One firearm, an extra clip, two baggies of cocaine (30 grams), baggies, a scale, and a backpack were recovered from the back of the car. In the Westport incident, it is alleged that Mr. Jones was a passenger in a car with another person in the driver's seat

when the car was approached by officers on January 31, 2022. Officers report they recovered three firearms, multiple containers of marijuana (1.3 kilograms), baggies, a clip, a scale, and two backpacks from the car.

Finally, this Court should be concerned with the geographical proximity of the two events. Mr. Jones was arrested in Lenexa, Kansas on this charge. In 2022, he was picked up in Kansas City, Missouri. This is not only a different city and state, but also a different federal district and circuit.

### C. Prejudice (Rule 403)

At the third step, the district court considers "whether the probative value of the similar acts evidence is substantially outweighed by its potential for unfair prejudice" under Rule 403. *Huddleston v. United States*, 485 U.S. 681, 691, 108 S. Ct. 1496, 1502, 99 L. Ed. 2d 771, 784 (1988). Courts may also generally consider the other Rule 403 factors (waste of time, confusion of the issues, misleading the jury, undue delay). *See United States v. Armajo*, 38 F.4th 80, 86 (10th Cir. 2022). Under this step, relevant Rule 404(b) evidence that is admissible for a proper purpose may still be excluded as unfairly prejudicial. *United States v. Silva*, 889 F.3d 704, 712 (10th Cir. 2018).

Specifically with respect to Rule 404(b) evidence, the Tenth Circuit has held that other-acts evidence "must have real probative value, not just possible worth." *United States v. Isabella*, 918 F.3d 816, 840 (10th Cir. 2019). "The probity of Rule 404(b) evidence is not absolute; it depends on the extent

8

of the overall evidence the government offers to establish a contested fact." *United States v. Tennison*, 13 F.4th 1049, 1058 (10th Cir. 2021). "In this sense, the probative value of extrinsic evidence fluctuates depending on whether a material fact is contested and the extent to which other evidence is offered to prove that fact." *United States v. Tennison*, 13 F.4th 1049, 1058 (10th Cir. 2021).

For this case, some material facts are not contested. Mr. Jones does not contest the fact that he was arrested that night. Identity is not at issue. Mr. Jones has put forward no evidence that he knowingly possessed the drugs and gun found in the car but thought they were something else or fake (mistake or accident). In fact, Mr. Jones has put forward no affirmative defense or evidence in this case. As it stands, Mr. Jones is simply putting the government to its burden of proving its case beyond a reasonable doubt. The government should be able to do this with the evidence it has for *this case*. It should not be allowed to reach outside to extrinsic evidence of other bad acts to prove the unrelated case it chose to file and pursue.

Furthermore, the evidence proffered by the government from 2022 does nothing to give the trier of fact more insight into Mr. Jones's state of mind for this case. He was not charged with possession of a firearm in Missouri. He was not charged with possession with intent to distribute marijuana. He was not charged with possession of a firearm in furtherance of a drug trafficking

9

offense. More importantly, Mr. Jones did not admit, nor was he convicted, of such behavior. If this information were presented to a jury, it would only put them in a position requiring them to make inferences about Mr. Jones's state of mind in two situations instead of one. That would only confuse the relevant issues in this case and confuse the jury.

If Mr. Jones were to present witnesses that challenged a material fact or if he were to testify in such a manner, then this Court would need to reevaluate the admissibility of such evidence. Until that happens, the use of evidence from 2022 in Kansas City, Missouri, will be nothing more than propensity evidence – Mr. Jones's propensity to possess guns and drugs. That is precisely what Rule 404(b) does not allow. Further, a limiting instruction will not cure the problem. Such evidence is unfairly prejudicial. Under a Rule 403 analysis, this Court must exclude this unrelated evidence.

### D. Limiting Instructions (Rule 105)

At the fourth step, the district court, consistent with Rule 105, "shall, upon request, instruct the jury that the similar acts evidence is to be considered only for the proper purpose for which it was admitted." *Huddleston v. United States*, 485 U.S. at 691-692. "A limiting instruction cautions the jury that the Rule 404(b) evidence should be considered only for the purposes for which it was admitted and not as evidence of the defendant's character or propensity to commit an offense." *United States v. Davis*, 636

10

F.3d 1281, 1298 (10th Cir. 2011). If the Court denies the government's request to admit this evidence because it is propensity evidence or unduly prejudicial to Mr. Jones, then a limiting instruction is not necessary. If the Court grants the government's motion, then a limiting instruction is required.

WHEREFORE, Mr. Jones asks this Court to deny the government's request to admit other bad acts evidence under Rule 404(b).

Respectfully submitted,

s/Tim Burdick
TIM BURDICK, #78152
Assistant Federal Public Defender
500 State Avenue, Suite 201
Kansas City, Kansas 66101
Telephone: (913) 551-6712
Fax: (913) 551-6562
Email: Tim_Burdick@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I certify that on October 16, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all interested parties.

s/Tim Burdick
Tim Burdick, #78152

11